Centra and Carni, JJ.
(dissenting). We respectfully dissent and would modify the order by granting plaintiffs motion to the extent that it seeks summary judgment determining that the parties’ prenuptial agreement is invalid and unenforceable. We agree with the majority that the prenuptial agreement was not properly acknowledged because the certificate of acknowledgment of defendant’s signature on the prenuptial agreement does not contain the information required by Real Property Law § 303, i.e., that the person taking the acknowledgment “knows or has satisfactory evidence[ ] that the person making it is the person described in and who executed such instrument.” *1569 We disagree with the majority, however, that defendant raised a triable issue of fact sufficient to defeat the motion. In opposition to the motion, defendant submitted the affidavit of the notary who took defendant’s acknowledgment of the prenuptial agreement. On appeal, defendant contends that the notary’s affidavit “reaffirmed” that the acknowledgment was valid. We reject that contention because, as explained above, the certificate of acknowledgment was defective on its face and thus was not valid in the first instance. Defendant does not contend in the alternative that, if the acknowledgment was defective, the notary’s affidavit cured the defect. Thus, unlike the majority, we would not reach that issue because it is not before us.
In any event, we write to note our disagreement with the majority that a defect in an acknowledgment may be cured (see D’Elia v D’Elia, 14 AD3d 477, 478 [2005]; see generally Filkins v Filkins [appeal No. 3], 303 AD2d 934, 934-935 [2003]). Furthermore, “[e]ven assuming . . . that the requisite acknowledgment could be supplied” at a later time and is not required to be made contemporaneous with the signing of the prenuptial agreement, we conclude that the notary’s affidavit does not establish the proper acknowledgment or even raise a triable issue of fact (Matisoff v Dobi, 90 NY2d 127, 137 [1997]). The notary averred that “[i]t was then, and has always been, my custom and practice when taking an acknowledgment to ask and confirm that the person signing the document was the same person named in the document and that he or she was signing said document. I am confident I followed the same procedure when I took [defendant’s] acknowledgment on” the prenuptial agreement. That affidavit is insufficient to raise an issue of fact whether the notary “kn[ew] or ha[d\ satisfactory evidence[ ] that the person making [the acknowledgment] is the person described in and who executed” the prenuptial agreement (Real Property Law § 303 [emphasis added]). Stated differently, there was no “identity of the person making the acknowledgment with the person described in the instrument and the person who executed the same” (Gross v Rowley, 147 App Div 529, 531 [1911]). Present — Scudder, P.J., Centra, Carni, Sconiers and Martoche, JJ.